Commonwealth *v.* Harper, Appellant.

Argued September 22, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

Appellant was arrested and charged with unlawfully operating a motor vehicle while under the influence of alcohol. He was tried in Philadelphia Municipal Court, found guilty, and sentenced to one to three years. Pursuant to the provisions of the Schedule to the Judiciary Article of the State Constitution,[1] appellant received a jury trial de novo as of right in the Court of Common Pleas. Again he was found guilty as charged and was sentenced to *one and one-half* to three years. Post-trial motions were filed and denied. From judgment of sentence this appeal followed.

---

[1] The Schedule to the Judiciary Article (Article 5), §16(r)(iii) provides: "All criminal offenses for which no prison term may be imposed or which are punishable by a term of imprisonment of not more than two years, and indictable offenses under the motor vehicle laws for which no prison term may be imposed or punishable by a term of imprisonment of not more than three years. In these cases, the defendant shall have no right of trial by jury in that court, but he shall have the right of appeal for trial de novo including the right to trial by jury to the trial division of the court of common pleas."

Appellant relies on *North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2072 (1969), for the proposition that the increase in sentence ordered by the court below was unlawful as a violation of due process of law. In *Pearce* the defendant was convicted and sentenced. Following a reversal of his conviction by an appellate court, he was retried, reconvicted, and received a longer sentence. The Supreme Court held that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id. at 725-726, 89 S. Ct. at 2080-2081. (Footnotes omitted).

We believe that *Pearce* is controlling in this case and that the lower court could not increase the sentence unless reasons therefor were clearly stated for the record. The Commonwealth does not contend that such "objective information concerning identifiable conduct on the part of the defendant occurring after the time

of the original sentencing proceeding" was before the court.

In the instant case, appellant was sentenced following a summary proceeding and then exercised his right to a jury trial de novo. In identical circumstances the Court in *Wood v. Ross*, 434 F. 2d 297 (4th Cir. 1970), held that "[t]he review is a privilege granted by the State and cannot, compatibly with due process, be encumbered. . . . In both trials the misconduct to be punished was identical. The penalty cannot be expanded merely because of redetermination of guilt. . . . He was exercising the only avenue afforded to review his conviction. Like the defendants in Pearce, [appellant] had the right to appeal free of the fear of reprisal on the part of the sentencing judge." Id. at 298-299. Cf. *State v. De Bonis*, 58 N. J. 182, 276 A. 2d 137 (1971); *Cherry v. State*, 9 Md. App. 416, 264 A. 2d 887 (1970). But see *Lemieux v. Robbins*, 414 F. 2d 353 (1st Cir. 1969). The rationale of *Pearce* is applicable even though it is clear that vindictiveness played no part in the second sentence. *U.S. v. Gambert*, 433 F. 2d 321 (4th Cir. 1970). Cf. *Bronstein v. Superior Court*, 106 Airz. 251, 475 P. 2d 235 (1970); *State v. Shak*, 466 P. 2d 420 (Hawaii, 1970).

Courts that have held *Pearce* inapplicable have reasoned that the right to appeal is not absolute and that legitimate procedures which merely "chill" this right must be tolerated. See, e.g., *Lemieux v. Robbins*, supra. However, the possibility of an increased sentence without reason does more than "chill" the right to appeal and to obtain a jury trial. Just as in *Pearce*, the chance of greater punishment may discourage appeal regardless of the merits of the case. Such an impediment to the right of appeal is a violation of due process of law.

104

Accordingly, the judgment of sentence is vacated and the case remanded to the lower court for resentencing.