Commonwealth *v.* Moore, Appellant.
Commonwealth *v.* Battle, Appellant.

J.,

Argued March 27, 1973. Before WRIGHT, P. J., WAT-
KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and
SPAETH, JJ.

*John W. Packel*, Assistant Defender, with him *Ju-
dith B. Soken*, and *Jonathan Miller*, Assistant Defend-
ers, and *Vincent J. Ziccardi*, Defender, for appellants.

*Milton M. Stein*, Assistant District Attorney, with
him *Maxine J. Stotland* and *James T. Ranney*, Assist-
ant District Attorneys, *Richard A. Sprague*, First As-

sistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., November 16, 1973:

These represent two appeals in two separate and unrelated cases which have been consolidated for purposes of appeal because each involve the identical issue. That issue is whether or not the Common Pleas Court in a trial de novo following an appeal as of right from a Municipal Court summary conviction can impose a sentence greater than that originally imposed in the Municipal Court without placing upon the record facts justifying such increase in sentence.

Defendants contend that the United States Supreme Court decision in *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S. Ct. 2072 (1969) is applicable. The Supreme Court there held that the trial court after successful appeal by the defendant could not, upon retrial, increase the sentence that it had imposed at the first trial unless it had affirmatively placed upon the record its reasons for such increase, which "reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." The court there stated that a defendant must feel free to avail himself of his constitutional right to appeal or collaterally attack his conviction without apprehension or fear that vindictiveness on the part of the trial judge may result in an increased sentence upon remand for retrial.

It is defendants' contention that though in this case it is a different court (Common Pleas Court) which is increasing the sentence imposed by another court (Municipal Court) after trial de novo granted as a matter of right, nevertheless, the reasoning and theory behind the *North Carolina v. Pearce* decision apply to their case. Defendants contend "If a defend-

ant's choice to exercise his right to a new trial in Common Pleas Court pursuant to the Pennsylvania Constitution Schedule Article 5, §16 (iii) must be weighed against the possibility of increased punishment following the de novo trial, the state has in fact put a 'price on appeal'."

The Commonwealth, however, contends that the *North Carolina v. Pearce* decision has no applicability where the second sentencing is by a different court after trial de novo as of right without allegation of error. It contends that the United States Supreme Court's recent decision in *Colten v. Kentucky*, 407 U.S. 104, 92 S. Ct. 1953 (1972) is governing. The Supreme Court there held that the imposition of an increased sentence by a different court after a trial de novo under the Kentucky two-tier court system did not constitute a denial of due process. The defendants would distinguish the *Colten v. Kentucky* decision on the basis of the alleged differences between the statutory framework of the Kentucky two-tier system and the Philadelphia two-tier system. However, we find no basis for such distinction and hold that the United States Supreme Court's reasoning in that Kentucky case is here applicable. The Court there stated: "The right to a new trial is absolute. A defendant need not allege error in the inferior court proceeding. If he seeks a new trial, the Kentucky statutory scheme contemplates that the slate be wiped clean. Ky. Rule Crim. Proc. 12.06. Prosecution and defense begin anew. By the same token neither the judge nor jury that determines guilt or fixes a penalty in the trial de novo is in any way bound by the inferior court's findings or judgment. The case is to be regarded exactly as if it had been brought there in the first instance. A convicted defendant may seek review in the state appellate courts in the same manner as a person tried initially in the general criminal court Ky. Rev. Stat. §23.032 (Supp. 1968). However, a de-

fendant convicted after a trial or plea in an inferior court may not seek ordinary appellate review of the inferior court's ruling. His recourse is the trial de novo. (407 U.S. at page 113).

". . .The possibility of vindictiveness, found to exist in Pearce, is not inherent in the Kentucky two-tier system.

"We note first the obvious: that the court which conducted Colten's trial and imposed the final sentence was not the court with whose work Colten was sufficiently dissatisfied to seek a different result on appeal; and it is not the court that is asked to do over what it thought it had already done correctly. Nor is the de novo court even asked to find error in another court's work. Rather, the Kentucky court in which Colten had the unrestricted right to have a new trial was merely asked to accord the same trial, under the same rules and procedures, available to defendants whose cases are begun in that court in the first instance. . . . We see no reason, and none is offered, to assume that the de novo court will deal any more strictly with those who insist on a trial in the superior court after conviction in the Quarterly Court than it would with those defendants whose cases are filed originally in the superior court and who choose to put the State to its proof in a trial subject to constitutional guarantees.

"It may often be that the superior court will impose a punishment more severe than that received from the inferior court. But it no more follows that such a sentence is a vindictive penalty for seeking a superior court trial than that the inferior court imposed a lenient penalty. The trial de novo represents a completely fresh determination of guilt or innocence. It is not an appeal on the record." (*Colten v. Kentucky,* supra. 407 U.S. at pages 116-117.)

We hold the above language to be applicable to the facts of the instant case and do not find the Kentucky

system distinguishable from the Philadelphia system as to the aspects which the court found governing in *Colten v. Kentucky*. Nor can we agree with defendant that we should disregard the *Colten* decision as indicating "a declining federal standard of due process" which the Pennsylvania courts are not bound to following in setting their standards in excess of those set by the Federal Government. The *Colten* view is that no danger of vindictiveness inherently exists in the two-tier court system and we agree with this view.

It is our holding that where, as in the instant case, defendant takes an appeal as of right from a summary judgment, without allegations of error, to a higher court before which his case is tried *de novo without reference to the prior summary proceeding and without reference to the sentence imposed by the municipal court*, the reasoning supporting *Colten v. Kentucky* rather than that supporting *North Carolina v. Pearce* is applicable and governing.

An additional issue remains as to defendant Mary Ann Moore. She claims her "guilty pleas" in the Common Pleas Court at her trial de novo was coerced by a threat of an unwarranted, increased sentence. We have carefully read the remarks of the trial judge and cannot construe them other than an imparting of information to acquaint defendant with the possibility which did exist under the law concerning an increased sentence.

Judgments of sentence affirmed.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:

Under the Act of October 17, 1969, P. L. 259, §18, as amended by the Act of July 14, 1971, P. L. 224, No. 45, §1, 17 P.S. §711.18, a defendant is not entitled to a jury trial in the Municipal Court; however, if convicted by the Municipal Court Judge, he may appeal to the Court of Common Pleas where he will receive a trial

*de novo,* which, if he chooses, may be a trial by jury. No doubt some defendants will be deterred from appealing and thereby from exercising their right to a jury trial if the Common Pleas judge can, without articulating any special reasons, increase the Municipal Court sentence. I disagree with Judge HOFFMAN'S view that, because some defendants will be thus deterred, we should hold that the Common Pleas judge may not increase the sentence unless there is "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original [Municipal Court] sentencing proceeding." *North Carolina v. Pearce,* 395 U.S. 711, 726 (1969).

The reason for providing a trial *de novo* in the Court of Common Pleas is to protect the defendant's right to a trial by jury. This reason, however, may not be invoked by a defendant such as appellant Battle; he cannot maintain that his exercise of his right to a trial by jury was deterred, or "chilled", by the possibility that the Common Pleas judge might increase his Municipal Court sentence, for after appealing to the Court of Common Pleas he waived his right to trial by jury.

Putting aside the issue of standing, I see no reason to distinguish between, on the one hand, a defendant whose case is so serious that it must start in the Court of Common Pleas, and on the other hand, a defendant whose case, being less serious, starts in the Municipal Court. The Common Pleas defendant and the Municipal Court defendant should be subject to the *same* possibility of a sentence within the statutory maximum following a trial by jury. *State v. Keegan,* 296 A. 2d 483 (Me. 1972). To bar a stiffer sentence puts the Municipal Court defendant in a better position than the Common Pleas defendant. As long as the Municipal Court defendant stays out of trouble during the period between his Municipal Court sentencing and his trial in Common Pleas, he has absolutely nothing to lose by

seeking a jury trial in Common Pleas. The worst that can happen to him is reinstatement of the Municipal Court sentence. The only affirmative action the Common Pleas judge can take is to lower the sentence. *See Mann v. Commonwealth,* 359 Mass. 661, 271 N.E. 2d 331 (1971) ; *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970) (advancing similar arguments in upholding stiffer sentences following *de novo* trials). There is nothing about the right to trial by jury that requires this result.

I would nevertheless accept putting a Municipal Court defendant in a preferred position if the record demonstrated that the threat of vindictive sentencing were inherent in a two-tier court system, for I agree that there would be an impermissible interference with the right to trial by jury if it appeared that a defendant might be deterred from appealing to the Court of Common Pleas, where he could have a trial by jury, because he feared vindictive sentencing by the Common Pleas judge. *North Carolina v. Pearce, supra.* However, appellants have not shown any vindictiveness in their own cases. As mentioned, appellant Battle has no standing to argue interference with his right to a trial by jury; appellant Moore did plead guilty only after being told by the Common Pleas judge that he could impose a higher sentence than had the Municipal Court judge, but I find the colloquy preceding the plea factual, not threatening, and the sentence imposed was the same. Nor have appellants shown that an examination of other cases would disclose a pattern of higher sentences being imposed on appeal, from which vindictiveness might be inferred. Absent a showing of vindictiveness, I agree with Judge CERCONE that *Colten v. Kentucky,* 407 U.S. 104 (1972), governs. There are, however, two respects in which I differ with his opinion.

The first is that he does not discuss this court's decisions in *Commonwealth v. Harper,* 219 Pa. Superior

Ct. 100, 280 A. 2d 637 (1971), and *Commonwealth v. Mirra,* 220 Pa. Superior Ct. 393, 281 A. 2d 773 (1971), which are relied upon by Judge HOFFMAN. In my judgment, they should be overruled not *sub silentio* but expressly, as depending upon reasoning inconsistent with *Colten v. Kentucky, supra.*

The second is that I think there are statutory limitations imposed on Common Pleas judges who preside over cases appealed from the Municipal Court. As mentioned, under the Act of October 17, 1969, as amended, *supra,* 17 P.S. §711.18, a defendant who appeals from the Municipal Court to the Common Pleas is promised a "trial de novo". If this statutory provision is to be given effect, the Municipal Court sentence must not be revealed to the Common Pleas judge unless the defendant specifically asks that it be revealed. Only this will assure that the defendant's case will in fact be tried in Common Pleas "anew the same as if it had not been heard before and as if no decision had been previously rendered." 2 Am. Jur. 2d *Admin. Law* §698 (1962). Without knowledge of the Municipal Court sentence, a Common Pleas judge cannot know whether he is imposing a sentence stiffer than that imposed by the Municipal Court judge. The defendant will receive a fresh determination, not only on the issue of his guilt but also on the question of what punishment is appropriate. While the defendant is entitled to no more than such a determination, he is entitled to no less.

This construction of the statute is but a corollary of the proposition that all defendants should be treated alike, whether their cases start in the Court of Common Pleas or in the Municipal Court. If a defendant's case starts in Common Pleas, and he is found guilty, the sentencing judge cannot refer to an earlier sentence for the same offense; the same should be so if the defendant is in Common Pleas upon appeal from the Municipal Court.

Perhaps it will be thought that I am urging a merely theoretical symmetry, but I think not. No doubt in many cases the Common Pleas judge will remain even handed after referring to the Municipal Court sentence, but, human nature being what it is, in some cases he will not. A principal reason for the creation of the Municipal Court was to lighten the workload of the Court of Common Pleas, enabling the Common Pleas judges to devote more of their time to "major" rather than "minor" cases.* Mindful of this, a Common Pleas judge may regard the time required to retry a case already tried in the Municipal Court as time lost, or at least as time that could have been better spent, and his consequent unhappiness may be reflected in a sentence deliberately stiffer than the Municipal Court sentence. In short: While Judge HOFFMAN would place the defendant whose case starts in Municipal Court in a better position than the defendant whose case starts in Common Pleas, Judge CERCONE would place him in a worse position. I should like them to be in the same position, and I believe that that is what the legislature intended when it promised a "trial de novo".

I recognize some difficulty with respect to summary offenses under §2(3) of the Minor Judiciary Court Appeals Act, Act of Dec. 2, 1968, P. L. 1137, No. 355, §1 *et seq.*, 42 P.S. §3001, where the statute requires that the notice of appeal state the fines and costs imposed by the Municipal Court, §3(c)(5), 42 P.S. §3003(c)(5), with no indication that this information is to be concealed from the Common Pleas judge. Even as to these cases, however, it would seem that procedures could be devised so that as a practical matter the Municipal Court sentence would not come to the attention of the Common

---

* The Municipal Court's jurisdiction extends to "all criminal offenses for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years. . . ." Act of Oct. 17, 1969, as amended, *supra*, 17 P.S. §711.18.

Pleas judge. It should be noted in this connection that Municipal Court Rule 6008(b), which according to Rule 6000(b) applies in non-summary cases, does not require that in his notice of appeal a defendant state the sentence imposed below.

Applying the foregoing considerations to the cases at hand, I would affirm in one, and reverse in the other.

At the beginning of the Common Pleas trial, appellant Moore's attorney volunteered that his client had received a $50.00 fine in the Municipal Court. Since this information was thus properly before the Common Pleas judge, appellant Moore is not entitled to any relief. Appellant Battle's attorney, however, objected to the increased sentence after it was imposed, and disclosed exactly what the increase was. It cannot be determined from the record whether the Common Pleas judge knew before he imposed sentence what sentence had been imposed in the Municipal Court. It is clear that appellant Battle's attorney did not volunteer the information beforehand. Appellant Battle is accordingly entitled to be resentenced by a Common Pleas judge who may not look at the sentence imposed by the Municipal Court judge.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellants Grover Battle and Mary Ann Moore contend that the Common Pleas Court of Philadelphia County erred in both imposing and in threatening to impose a harsher sentence following a trial de novo than was imposed at trial before the Municipal Court.[1]

---

[1] Schedule to the Pennsylvania Constitution Judiciary Article (Article 5), §16(r)(iii) provides: "All criminal offenses for which no prison term may be imposed or which are punishable by a term of imprisonment of not more than two years, and indictable offenses under the motor vehicle laws for which no prison term may be imposed or punishable by a term of imprisonment of not more than three years. In these cases, the defendant shall have no right

On February 16, 1972, appellant Battle was convicted in Philadelphia Municipal Court of assault and battery and resisting arrest. The Honorable Charles J. MARGIOTTI ordered him to pay costs and a one hundred dollar fine and placed him on a year's probation. Appellant Battle then appealed to the Court of Common Pleas where he was again convicted on all counts after waiving his right to a jury trial. The Honorable D. Donald JAMIESON then sentenced him to two years probation.

On January 10, 1972, appellant Moore appeared in the Municipal Court where she was convicted of failing to stop and render assistance at the scene of the accident. Following her conviction the Honorable Joseph R. GLANCEY ordered her to pay a fifty dollar fine plus costs. Appellant Moore then appealed to the Common Pleas Court and requested a jury trial. The Honorable Edward J. BLAKE instructed her that under a recent United States Supreme Court decision she could receive a more severe sentence than the Municipal Court had imposed. Upon learning that she could be sentenced to three years in prison if convicted, appellant Moore decided to enter a plea of guilty. Judge BLAKE then imposed the same sentence as Judge GLANCEY had. She contends that she was coerced into entering her guilty plea by the threat of harsher punishment, forfeiting her constitutional right to trial by jury.

of trial by jury in that court, but he shall have the right of appeal for trial de novo including the right to trial by jury to the trial division of the court of common pleas." The proviso that the Municipal Court can hear all criminal cases where the term of imprisonment may not exceed two years has been supplemented by the Act of October 17, 1969, P. L. 259, §18, as amended, July 14, 1971, P. L. 224, No. 45, §1 (17 P.S. §711.18) which gives the Municipal Court jurisdiction in criminal offenses where a prison sentence of five years or less may be imposed. I do not decide the constitutionality of this legislative attempt to amend the schedule to the Constitution.

The Pennsylvania Constitution places jurisdiction over minor criminal offenses in the Philadelphia Municipal Court.[2] Since there are no jury trials in the Municipal Court, the constitution provides that a defendant has a right to trial de novo before a jury in the Common Pleas Court. These constitutional guarantees of the right to appeal and to receive a trial by jury become meaningless if the defendant must subject himself to the possibility of an increased sentence for exercising these rights. This provision of the state constitution was examined twice previously in *Commonwealth v. Harper*, 219 Pa. Superior Ct. 100, 280 A. 2d 637 (1971) and *Commonwealth v. Mirra*, 220 Pa. Superior Ct. 393, 281 A. 2d 773 (1971) where this court concluded: "[A]bsent reasons appearing on the record, an appellant exercising his right of appeal in the Court of Common Pleas could not receive a higher sentence." *Mirra*, supra at 220 Pa. Superior Ct. at 394.[3] "[T]he possibility of an increased sentence without reason does more than 'chill' the right to appeal and obtain a jury trial. Just as in *Pearce* [North Carolina v. Pearce, 395 U.S. 711 (1969)] the chance of greater punishment may discourage appeal regardless of the merits of the case. Such an impediment to the right of appeal is a violation of due process of law." *Harper*, supra, 219 Pa. Superior Ct. at 103.

Prior to *United States v. Jackson*, 390 U.S. 570 (1968), individuals charged with kidnapping could be

---

[2] See Footnote 1.

[3] The viability of this holding has not been disturbed by the holding in *Colten v. Kentucky*, 407 U.S. 104 (1972) that an increased sentence following a trial de novo in Kentucky's two tier criminal system does not violate rights guaranteed by the United States Constitution. While the states may not abridge federal constitutional rights, the Commonwealth of Pennsylvania may grant more extensive protections to its citizens. Pennsylvania has done so. *Commonwealth v. Harper*, and *Commonwealth v. Mirra*, supra.

sentenced to death only if they exercised their right to trial by jury. The Supreme Court held that such a procedure "needlessly" penalized the assertion of one's constitutional right to trial by jury. The evil in the statutory procedure was not that it coerced guilty pleas, but that such pleas were "needlessly" encouraged. 390 U.S. at 583. Analogously, the possibility of receiving an increased sentence discourages defendants from exercising their Pennsylvania Constitutional rights to receive a trial de novo before the Common Pleas Court.

The *Jackson* holding that the exercise of constitutional rights may not be chilled by the threat of increased punishment has long been applied. "No matter how heinous the offense charged, how overwhelming the proof of guilt may appear, or how hopeless the defense, a defendant's right to continue with his trial may not be violated. His constitutional right to require the Government to proceed to a conclusion of the trial and to establish guilt by independent evidence should not be exercised under the shadow of a penalty—that if he persists in the assertion of his right and is found guilty, he faces, in view of the Trial Court's announced intention, a maximum sentence, and if he pleads guilty, there is the prospect of a substantially reduced term. To impose upon a defendant such alternatives amounts to coercion as a matter of law." *United States v. Tateo*, 214 F. Supp. 560, 567 (S.D. N.Y. 1963) (Footnotes omitted) ; Accord, *Euziere v. United States*, 249 F. 2d 293 (10th Cir. 1957) ; *United States v. Wiley*, 278 F. 2d 500 (7th Cir. 1960) ; *Thomas v. United States*, 368 F. 2d 941 (5th Cir. 1966) ; *Gillespie v. State*, 355 P. 2d 451 (Ct. Crim. Apps. 1960).

In the instant appeals, both appellants were penalized for exercising rights guaranteed by the Pennsylvania Constitution. Accordingly, appellant Battle's sentence should be reduced to one year's probation and

payment of a fifty dollar fine plus costs; appellant Moore should receive a new trial because her guilty plea was compelled by the threat of an increased sentence.

SPAULDING, J., joins in this dissenting opinion.