390 A.2d 206
**COMMONWEALTH of Pennsylvania**
v.
**John F. WEBER, Appellant.**
Superior Court of Pennsylvania.
Submitted Sept. 22, 1976.
Decided July 12, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted by a judge sitting without a jury of aggravated assault, hindering apprehension and prosecution, resisting arrest by automobile, and criminal conspiracy. He contends that his petition to dismiss pursuant to Pa.R.

Crim.P. 1100(f) should have been granted. We agree and order appellant discharged.[1]

On May 19, 1975, appellant was convicted, on the same charges now before us, in the Municipal Court of Philadelphia. He was sentenced to a term of two years probation on each charge, the sentences to run concurrently. On June 13, 1975, appellant filed an appeal for a trial *de novo* in the Court of Common Pleas. Pa.R.Crim.P. 6013(g) provides:

> A trial de novo in the Court of Common Pleas shall commence within a period of ninety (90) days after the notice of appeal from Municipal Court is filed. In all other respects the provisions of Rule 1100 shall apply to such trials in the Court of Common Pleas.

Therefore, appellant's trial should have commenced on or before September 11, 1975.

The case was listed for trial on August 28. However, Judge Samuel SMITH disqualified himself, because he had presided at a previous trial of appellant, and continued the case to September 30. On September 11, the 90th day, the Commonwealth filed a petition for an extension pursuant to Pa.R.Crim.P. 1100(c). Appellant responded by filing a petition to dismiss. The Commonwealth's petition was granted, and the period of time for commencement of trial was extended to September 30. In fact, trial did commence on September 30, and appellant was convicted of all charges.

■ Where a defendant is not brought to trial within the required period, he must be discharged unless the Commonwealth can demonstrate that the period was extended automatically by operation of R. 1100(d), or that it was extended pursuant to the Commonwealth's compliance with R. 1100(c). *Commonwealth v. Harris,* 243 Pa.Super. 503, 366 A.2d 267, 269 (1976).

■ Rule 1100(d) provides:

1. It is therefore unnecessary to address appellant's contention that the lower court erred in the imposition of sentence. *See,* however, *Commonwealth v. Moore,* 226 Pa.Super. 58, 312 A.2d 422 (1973).

[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

Here, there was no allegation that appellant was unavailable, nor did he or his attorney seek a continuance. Therefore, no time was *excludable* and the Commonwealth was obliged to proceed via R. 1100(c)

██ Rule 1100(c) provides:

[A]t any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

Although judicial delay may justify an extension under these provisions, *see Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), this is only so if the prosecution shows that it has exercised due diligence in bringing the case to trial. *Commonwealth v. Martin,* 246 Pa.Super. 407, 371 A.2d 903 (1977). Here, the Commonwealth's petition only requested that "33 days should be excluded from the computation of the time for commencement of trial due to a court continuance which occurred despite due diligence by the Commonwealth." As just explained, however, no time was properly *excludable.* Nor did the Commonwealth show that

it had exercised due diligence.[2]  The Commonwealth did not show either why the case could not have proceeded to trial before a different judge on August 28, or why the case was not re-listed for trial between that date and September 11.

Judgment of sentence reversed, and appellant discharged.

JACOBS, President Judge, dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

2.  No transcript of the hearing on the petition is available despite extensive efforts by our Prothonotary's office.  However, in its appellate brief the Commonwealth has not attempted to show that it exercised due diligence.  Nor does it appear that the Commonwealth attempted to do so below.  The hearing judge did not address the issue of due diligence when he ordered the extension on the basis of the *exclusion* of 33 days, and the trial judge denied the post-trial motion on the basis that the Commonwealth's petition had been *timely filed*.  These omissions occurred despite the fact that appellant specifically raised the issue of the Commonwealth's due diligence in his petition to dismiss.