421 A.2d 814

COMMONWEALTH of Pennsylvania

v.

Ronald FREEMAN, Appellant.

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Sept. 5, 1980.

Timothy J. Savage, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence for robbery[1] and simple assault.[2] Appellant argues that he should

1. 18 Pa.C.S.A. § 3701 (Purdon's Supp. 1979–1980).

2. 18 Pa.C.S.A. § 2701 (Purdon's 1973).

be discharged because his right to a speedy trial under Pa.R.Crim.P. 1100 was violated.[3]

The complaint against appellant was filed on December 3, 1977. The case was first listed for trial on February 9, 1978, but the complaining witness could not be present because he had injured himself. The case was continued until February 28, at which time appellant tendered a plea of guilty. On March 6, the next listing, the court rejected appellant's plea. Appellant moved for a continuance until the next listing, March 28, and appellant executed a written waiver of his Pa.R.Crim.P. 1100 rights for the period of 22 days from March 6 to March 28. On March 28, the case was continued until April 27 because the complaining witness was not present. On April 27, the Commonwealth was ready to proceed, but appellant had not been brought to court from Graterford prison. The presiding judge, who had previously rejected appellant's guilty plea, recused himself and denied the Commonwealth's request to enter an order directing the sheriff to bring appellant to court immediately. The case was continued until May 23, at which time the complaining witness again was not present. The Commonwealth requested and was granted a bench warrant for the complaining witness. The court directed the district attorney to serve the warrant on the witness and continued the case until June 28. On May 25, the Commonwealth filed a petition to extend the time for trial until June 30. The petition alleged that the Commonwealth had exercised "due diligence" in bringing appellant to trial because it had been ready to proceed on February 28, April 27, and May 23, all dates before June 23, which the Commonwealth calculated to be the 180th day after the complaint was filed. (The Commonwealth's calculation extended the actual run date of June 1 by 22 days because it did not take into account that appellant had in March executed a written waiver of that period.) Appellant filed an answer denying that the Commonwealth had exercised "due diligence" in bringing him to

3. Because of our disposition of the case, we need not reach the other issues raised on appeal.

trial. On June 16, after a brief hearing at which counsel reviewed the docket entries in the case, the court granted the Commonwealth's petition. On June 28, the next listing, the case was marked "Ready not reached," and continued until August 4. On June 30, the Commonwealth filed a second petition to extend, alleging that it had exercised "due diligence" in bringing appellant to trial because it was ready to proceed on June 28, but the court had continued the case until August 4. Appellant again filed an answer denying the Commonwealth's allegation. On July 20, after a brief hearing, the court stated that the delay on June 28 was "court delay" and that therefore the Commonwealth had acted with "due diligence," justifying an extension until August 8, four days after the next trial listing. Appellant argued that the Commonwealth had not shown that there were no alternative court rooms or dates that would have made trial possible before the last run date, June 30. Neither the court nor the Commonwealth, however, responded to this argument. On August 4, appellant was not ready to proceed because his witnesses were absent and the court granted him a continuance until September 14. On August 8, the Commonwealth filed a third petition to extend, this time until September 18. At the hearing on August 24, appellant did not object to the petition and the court granted it. On September 14, the next listing, the case was again marked "Ready not reached," and was continued until September 29. On September 15, the Commonwealth filed its fourth petition to extend, alleging that it had been ready to proceed on the previous day, and, therefore, had exercised "due diligence" in bringing appellant to trial before the extended run date. Appellant filed an answer denying the Commonwealth's allegation. On September 22, a hearing was held at which appellant argued that four cases with earlier run dates than appellant's had been tried on September 14, and that the Commonwealth had not attempted to relist appellant's case so that it would be tried before September 18, the extended run date. The Commonwealth objected to appellant's reference to the four other cases, but it made no response to the argument about its failure to

relist the case. The court stated that the delay was "the Court's fault", and extended the run date until October 3. On September 29, appellant's trial commenced.

Since the complaint was filed on December 3, 1977, Pa.R. Crim.P. 1100(a)(2) required that appellant be brought to trial within 180 days, or on or before June 1, 1978. Any delay after that date "must be either excluded from computation of the 180 days under section (d) of Rule 1100 or be justified by an order granting an application by the Commonwealth for an extension of time pursuant to section (c)." *Commonwealth v. Lamonna*, 473 Pa. 248, 253, 373 A.2d 1355, 1357 (1977). Since appellant waived his Pa.R.Crim.P. 1100 rights for 22 days in March 1978, that period was excluded from the mandatory period, making the run date June 23, 1978. Any delay after that had to be justified by an order granting the Commonwealth an extension pursuant to Pa.R. Crim.P. 1100(c).

Pa.R.Crim.P. 1100(c) states:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Supreme Court stated:

[T]he trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the cause of the court delay and the reasons why the delay cannot be avoided.

*Mayfield's* requirement that the record show that the trial was scheduled for the earliest date consistent with the court's business has been strictly applied. In *Commonwealth v. Weber*, 256 Pa.Super. 483, 390 A.2d 206 (1978), the Commonwealth had until September 11, 1975, to bring the defendant to trial. On August 28, the case was listed for trial but the judge disqualified himself and continued the case until September 30. On September 11, the Commonwealth filed a petition to extend, alleging that "33 days should be excluded from the computation of the time for commencement of trial due to a court continuance which occurred despite due diligence by the Commonwealth." 256 Pa.Super. at 487, 390 A.2d at 208. The record did not show that the Commonwealth had exercised "due diligence" nor did it show "why the case could not have proceeded to trial before a different judge on August 28, or why the case was not re-listed for trial between that date and September 11," 256 Pa.Super. at 488, 390 A.2d at 208. We therefore ordered the defendant discharged. Likewise, in *Commonwealth v. Smith*, 269 Pa.Super. 424, 410 A.2d 329 (1979), the Commonwealth had until December 13, 1977, to bring the defendant to trial. On October 26, the defendant's attorney was granted a continuance for three weeks because he would be on vacation. On November 22, the Commonwealth filed a petition to extend alleging that the case had been scheduled for trial on September 15, 1977, that on the first day of that month the criminal case inventory in Montgomery County numbered 1,150, and that only four judges were assigned to hear criminal trials during the week the case was scheduled for trial. Furthermore, at the hearing on the petition, the Commonwealth stated that the case had been listed during the week of October 24, and that if the defendant's attorney had not obtained a continuance, the case would have been tried by October 31. The Commonwealth explained the failure to try the case after the continuance by stating that after a case had been removed from the scheduling board, the court administrator tried to fit it in, but it did not automatically become the next case to be tried. We found that the lower court had improperly granted the Common-

wealth's petition for an extension, and we therefore discharged the defendant, stating:

> Although the Commonwealth indicated the criminal case inventory as of September 1, 1977, it presented no evidence of the number of criminal cases pending between September 1, 1977, and December 13, 1977. The only explanation for the Commonwealth's failure to try appellant after appellant's attorney returned from vacation was the prosecutor's statement that after a continuance, the court administrator does not automatically place the case at the top of the assignment board as the prosecutor's next case. The Commonwealth has not shown that it did 'everything reasonable within [its] power to see that the case is tried on time.' *Commonwealth v. Smith*, [477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978)]. 'The prosecutor and the court administrator are both responsible for the management of the court calendar.' *Commonwealth v. Metzger*, 249 Pa.Super. 107, 115, 375 A.2d 781, 785 (1977). 269 Pa.Super. at 429, 410 A.2d at 332.

*See Commonwealth v. Ehredt*, 485 Pa. 191, 196, nn. 8, 9, 401 A.2d 358, 361 nn. 8, 9 (1979); *Commonwealth v. Brocco*, 263 Pa.Super. 51, 396 A.2d 1371 (1979); *Commonwealth v. Warman*, 260 Pa.Super. 130, 393 A.2d 1046 (1978); *Commonwealth v. Hoffman*, 255 Pa.Super. 66, 386 A.2d 138 (1978) (Opinion in Support of Affirmance); *Commonwealth v. Mitchell*, 245 Pa.Super. 562, 369 A.2d 770 (1977) (PRICE, J. dissenting).

 In deciding whether the lower court in this case properly granted the three Commonwealth petitions to extend that appellant contested, we must examine the record in light of the following principles:

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). *Cf. Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the

context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell, supra.*

*Commonwealth v. Ehredt, supra,* 485 Pa. at 194, 401 A.2d at 360.

In *Commonwealth v. Jackson,* 269 Pa.Super. 249, 253, 409 A.2d 873, 875 (1979), we emphasized that "Rule 1100 requires *evidence,*" and not merely allegations in support of a petition to extend. (Emphasis in the original.)

■ Application of these principles compels the conclusion that the lower court abused its discretion in granting the three contested petitions. At none of the hearings did the Commonwealth certify that the trial was scheduled for the earliest date consistent with the court's business, nor did it offer evidence explaining the causes of the court delay and why the delay could not be avoided. With respect to the first extension, until June 30: The Commonwealth showed that it acted with "due diligence" by being ready to go to trial several times before the extended run date of June 23 and by issuing a bench warrant for the complaining witness on May 23. However, it did not make any showing as to why the case had to be relisted for June 28, five days beyond the run date, or why the prosecutor's and court's calendar could not have been changed so that the case could be heard earlier. The only explanation for the second extension, until August 8, was that the case was not "reached" on June 28. Neither the Commonwealth's petition nor its representative at the hearing explained why this judicial delay occurred or why it could not have been avoided. Finally, the last extension, until October 3, suffered from the same defect. Also with respect to the last extension, it may be noted that at the hearing appellant tried to introduce evidence to show that on September 14 the court had tried four cases with later run dates than appellant's case. When the Commonwealth objected to the introduction of this evidence, the court merely stated, "[T]hat's the Court's fault. That's cognizable." N.T. 5 (September 22, 1978 Hearing). This was not an adequate response, either by the Commonwealth or the court. The Commonwealth should have produced evidence to show why appellant's case could not have been

listed before the other cases and why the September 29 listing was "the earliest date consistent with the court's business." *Commonwealth v. Mayfield, supra.* As pointed out in *Commonwealth v. Jackson, supra,* there are several ways in which the Commonwealth might have met its burden of proving the need for an extension under Pa.R.Crim. 1100(c). Here, however, the Commonwealth produced absolutely nothing in support of its allegations.

Judgment of sentence vacated and appellant discharged.