477 A.2d 565

**COMMONWEALTH of Pennsylvania**

v.

**Lonnie CADOGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 1983.

Filed June 22, 1984.

518

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, MONTGOMERY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence imposed following appellant's conviction in a non-jury trial of theft by receiving stolen property and unauthorized use of an automobile. Appellant contends that the lower court erred in granting the Commonwealth's petition for extension pursuant to Pa.R.Crim.P. 1100(c).[1] We agree.

The complaint was filed on May 24, 1981. Hence, trial should have commenced no later than November 20, 1981, unless the period of delay beyond that run date was properly extended under Rule 1100(c). Appellant was arraigned on June 16, 1981, and the case was listed for trial on August 10, 1981. On that first trial date the Commonwealth was granted a continuance until September 22, 1981.[2] On the second trial date, September 23, 1981, the

1. Because of our disposition of the case, we need not address the other issues raised by appellant.

2. At the hearing on the Commonwealth's petition for extension, no evidence was presented to justify this continuance. Indeed, the petition to extend does not even indicate that the case was listed for trial

case was designated "ready, not reached" because of the length of another trial which had an earlier Rule 1100 run date. Appellant's case was continued until November 16, 1981. On November 16, however, the arresting officer was ill and the case was continued until January 4, 1982. On November 18, the Commonwealth timely filed a petition to extend pursuant to Rule 1100(c). On December 15, 1981, appellant filed both an answer to the Commonwealth's petition and a motion to dismiss. There was no hearing held on the petition.

On January 4, 1982, the date set for trial the Honorable Bernard J. Avellino was unavailable because he was being administered the judicial oath of office. Appellant's case was continued to February 23, 1982, still without a hearing on the petition.

On January 5, the Commonwealth amended its petition to extend alleging Judge Avellino's unavailability on the preceding day and that the assistant district attorney had requested the case be relisted to the earliest possible date. Also on January 5, appellant filed an application for dismissal under Rule 1100. In addition, on February 1, appellant filed a supplemental motion to dismiss.

On February 23, after hearing stipulated evidence and argument, the trial judge granted the Commonwealth's petition to begin trial on the same day, February 23 and denied appellant's motion to dismiss. Appellant's non-jury trial immediately followed.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976), our Supreme Court enunciated the requirements which must be met before the Commonwealth may be granted an extension:

[T]he trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due dili-

on August 10, 1981. The Quarter Sessions file reflects that the continuance was granted because the arresting officer was ill.

gence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

Moreover, it is axiomatic that:

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). *Cf. Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. *See Commonwealth v. Mitchell, supra.*

*Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979).

In the instant case, an examination of the record compels the conclusion that the Commonwealth failed to carry its burden of proof. Specifically, the record is devoid of any evidence that the February 23, 1982 listing was the earliest possible date for trial after the continuance on January 4, 1982. Nor does the Quarter Sessions file contain any indication that February 23, 1982, was the earliest possible date consistent with the court's business. At the extension hearing there was no evidence presented that the trial was scheduled for the earliest date consistent with the court's business, nor was there any testimony explaining the causes of the court delay and why the delay could not be avoided. *See Commonwealth v. Dixon*, 295 Pa.Super. 425, 441 A.2d 1305 (1982); *Commonwealth v. Freeman*, 280 Pa.Super. 462, 421 A.2d 814 (1980). " 'Rule 1100 requires *evidence*' and not merely allegations in support of a petition to extend. (Emphasis in original)." *Commonwealth v.*

*Freeman, supra,* 280 Pa.Super. at 469, 421 A.2d at 817, quoting *Commonwealth v. Jackson,* 269 Pa.Super. 249, 253, 409 A.2d 873, 875 (1979).

■ The Commonwealth's explanation for these deficiencies is that in his supplemental motion to dismiss appellant denied the exercise of due diligence, but did not specifically deny that the case had been relisted for the ·earliest possible date. Based on this the Commonwealth argues that it had no notice of appellant's desire to litigate this particular issue and, therefore, had no witnesses available to testify on the issue. In short, the Commonwealth takes the position that it was unaware that this was an issue in the case until appellant raised it at the extension hearing. This argument is untenable. As previously noted, the burden is upon the Commonwealth—not the defendant—to establish that the requirements of Rule 1100(c) have been met. *Commonwealth v. Ehredt, supra.* The various pleadings filed by appellant indisputably establish that he continuously challenged the Commonwealth's petition for extension. To hold under these circumstances that appellant waived his right to have the basic requisites for an extension satisfied would be tanamount to sanctioning the very type of gamesmanship that the Commonwealth unjustifiably charges appellant with.

■ In sum, the record discloses that none of the continuances in this case were attributable to appellant. What the record does not show is that the Commonwealth met the conditions set forth in *Commonwealth v. Mayfield, supra.* Accordingly, the Commonwealth's petition for extension was improperly granted.

Judgment of sentence vacated and appellant discharged.