Commonwealth *v.* Riccardi, Appellant.

Argued September 13, 1971.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Leon Rosenfield,* with him *Vincent A. Cirillo* and *Lewis S. Small,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 11, 1971:

Appellant was tried and found guilty of receiving stolen goods and violating the Drug, Device and Cosmetic Act. Prior to his trial, appellant's application to suppress evidence was dismissed. Appellant's post-trial motions in arrest of judgment and for a new trial were denied. This appeal followed.

Appellant contends that his convictions should be reversed because the physical evidence upon which both convictions were based was obtained as a result of an unconstitutional search and seizure.

The facts found by the lower court are as follows:

About 7:40 p.m., on January 30, 1970, pursuant to a valid search warrant, Detective Hansley and several other officers of the Lansdale Borough Police Department sought to obtain entrance to an apartment leased by appellant's girl friend. The officers enlisted the aid of the apartment building superintendent and arranged themselves on both sides of the apartment door so as

not to be visible to anyone looking through the peephole from within the apartment. The superintendent, tool kit in hand, called out "maintenance man" as he knocked on the door. Appellant partially opened the door. The police, with Hansley in the lead converged from both sides and forced their way through the door. Appellant attempted to close the door as the officers entered, but his resistance was overcome. After the police initiated their forcing of the door, Hansley announced to appellant that they were police armed with a search warrant.

The search revealed allegedly stolen baked goods and several packets of the drug methamphetamine hydrochloride on appellant's person. This evidence was introduced by the Commonwealth at appellant's trial.

It is settled in this Commonwealth that the Fourth Amendment prohibition against unreasonable searches and seizures requires that a police officer give notice of his identity and announce his purpose before forcibly entering upon private premises to conduct a search or make an arrest. *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A. 2d 159 (1971). "The purpose of this announcement rule is that '. . . the dignity and privacy protected by the fourth amendment demand a certain propriety on the part of policemen even after they have been authorized to invade an individual's privacy. Regardless of how great the probable cause to believe a man guilty of a crime, *he must be given a reasonable opportunity to surrender his privacy voluntarily.'*" *Commonwealth v. DeMichel,* supra at 561, quoting *United States ex rel. Ametrane v. Gable,* 276 F. Supp. 555, 559 (E.D. Pa. 1967) (emphasis added), *aff'd,* 401 F. 2d 765 (3rd Cir. 1968).

In the instant case there is no question that the police pushed their way into the apartment after appellant had partially opened the door. Accordingly, the police conduct was proscribed under the standards set

forth in *DeMichel.* In dealing with an almost identical fact situation, the Circuit Court of Appeals for the District of Columbia held that police violated the federal announcement statute when they "gained entrance to [defendant's] apartment through falsehood followed by force."[1] *Gatewood v. United States,* 209 F. 2d 789 791 (D.C. Cir. 1953).

In the most recent Third Circuit case involving the failure to state purpose and identity, two detectives knocked on the defendant's door, waited approximately one minute, knocked again, and then began to pry the door open with a crowbar. Just as they inserted the bar between the door and the jamb, they heard a voice from behind the door saying, "Don't break my door, I'll let you in." The defendant then opened his door. The detectives stated their purpose and identity only after entering. The District Court held that this procedure violated federal constitutional standards. The Court noted: "Finally, even if the officers' use of force could be justified *before* the relator opened his door, the officers should certainly have stated clearly their identity and purpose *after* the door was opened and *before* they entered the house." *United States ex rel. Ametrane v. Gable,* supra.

Notwithstanding the above, the Commonwealth argues that this case presents "exigent circumstances" suspending the announcement requirement simply because the police believed that the drugs would be easily destroyed. However, as the Supreme Court of this Commonwealth stated in *Commonwealth v. Newman,* 429 Pa. 441, 240 A. 2d 795 (1968): "The fact that

---

[1] In that case the police went to the defendant's apartment and knocked on the door. Defendant asked who was there, and the officers replied, "From Western Union." The defendant opened the door, but attempted to close it again when he saw the police. The police forced their way into the defendant's apartment through the open door.

some lottery paraphernalia is easily destroyed does not justify the suspension of the Fourth Amendment in all lottery prosecutions. One of the prices we have to pay for the security which the Fourth Amendment bestows upon us is the risk that an occasional guilty party will escape." 429 Pa. at 448, 240 A. 2d at 798 (citation omitted).

To excuse the police's failure to announce their purpose and presence and thereafter to allow a reasonable time for the voluntary surrender of the premises, there ". . . must be more than the presumption that the evidence *would* be destroyed because it *could* be easily done." *Commonwealth v. DeMichel,* supra, at 563, quoting *State v. Mendoza,* 104 Ariz. 395, 399, 454 P. 2d 140, 144 (1969).

The entry by the police in the circumstances of this case violated the standards of the Fourth Amendment.[2] We therefore hold that the evidence seized in the ensuing search was improperly admitted at appellant's trial. The judgment of the lower court is reversed and the case remanded for a new trial.[3]

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of the court below.

---

[2] We do not reach the question, one of first impression in this Commonwealth, whether police may utilize a trick or ruse to enter private premises unannounced for the purpose of conducting a search. In construing the federal announcement statute, the United States Supreme Court has held that entry through a closed, but unlocked door by the police without announcement of authority and purpose was a "breaking" in violation of the statute. *Sabbath v. United States,* 391 U.S. 585 (1968). The Court indicated in a footnote that the validity of entries obtained by ruse was still undecided. 391 U.S. at 590.

[3] We need not consider the merits of appellant's other arguments on this appeal.