Commonwealth *v.* Clay, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Paul J. Sullivan, David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

The appellant, Leroy Clay, was convicted on the charge of larceny of an automobile in the Municipal Court of Philadelphia County, and sentenced to a term of imprisonment of six to twelve months. Exercising his right of appeal for a trial *de novo* to the Common Pleas Court,[1] the appellant was again convicted on the same charge and sentenced to six months to five years.

Appellant's sole contention is that this increase in sentence on retrial violates his constitutional rights. The identical issue posed by this appellant was considered by the United States Supreme Court in *Colten v. Kentucky,* 407 U.S. 104 (1972). Reviewing the "two-tier" system and the justification for an increased sentence on retrial, the Supreme Court stated at 112-114: "Kentucky, like many other States, has a two-tier system for adjudicating less serious criminal cases. If convicted after trial or on a guilty plea [in a court of inferior jurisdiction], . . . he has a right to a trial *de novo* in a court of general criminal jurisdiction . . . The right to a new trial is absolute . . . . Colten, however, considers the Kentucky system to be infirm be-

---

[1] Schedule 16(r)(iii) to the Judiciary Article of the Pennsylvania Constitution provides, in relevant part: "In these cases [for which trial in Municipal Court is prescribed], the defendant shall have the right of appeal for trial de novo including the right to trial by jury to the trial division of the court of common pleas . . ."

cause the judge in a trial *de novo* is empowered to sentence anew and is not bound to stay within the limits of the sentence imposed by the inferior court."

The Court went on to say: "In reality his [a defendant's] choices are to accept the decision of the judge and the sentence imposed in the inferior court or to reject what in effect is no more than an offer in settlement of his case and seek the judgment of judge or jury in the superior court, with sentence to be determined by the full record made in that court. We cannot say that the Kentucky trial *de novo* system, as such, is unconstitutional or that it presents hazards warranting the restraints called for in North Carolina v. Pearce, particularly since such restraints might, to the detriment of both defendant and State, diminish the likelihood that inferior courts would impose lenient sentences whose effect would be to limit the discretion of a superior court judge or jury if the defendant is retried and found guilty." 407 U.S. at 119.

This Court subsequently accepted the reasoning enunciated in *Colten,* and declared it to be the law of Pennsylvania. *Commonwealth v. Moore,* 226 Pa. Superior Ct. 58, 312 A.2d 422 (1973).[2] "The *Colten* view is that no danger of vindictiveness inherently exists in the two-tier court system and we agree with this view." *Moore,* supra at 63. We, therefore, conclude that the sentence imposed upon the appellant in the instant case was entirely proper and within the statutory limits of our Penal Code.

Judgment of sentence is affirmed.

---

[2] The Pennsylvania Supreme Court denied allocatur on May 17, 1974. A petition for reconsideration was likewise denied on July 15, 1974.

---

DISSENTING OPINION BY SPAETH, J.:

At the sentencing proceeding in this case the assistant district attorney brought to the attention of the

160

judge the sentence that had been imposed in the Municipal Court.   I continue to be of the opinion that the principles enunciated in *Commonwealth v. Moore,* 226 Pa. Superior Ct. 58, 312 A.2d 422 (1973), are valid only if "the Municipal Court sentence [is] not . . . revealed to the Common Pleas judge unless the defendant specifically asks that it be revealed."   *Id.* at 66, 312 A.2d at 426 (SPAETH, J., concurring and dissenting).