For the previously stated reason, I respond to the Questions presented as follows:

Question No. 1: Affirmative
Question No. 2: Abstain
Question No. 3: Negative

Respectfully,

JOHN J. McNEILLY
Justice

**Shirley J. McKINNEY, Jr., Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted March 13, 1978.

Decided April 3, 1978.

Nancy Jane Mullen, Asst. Public Defender, Wilmington, for defendant below, appellant.

Kester Crosse, Asst. City Sol., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant was found guilty by a Superior Court jury of assault in the third degree in a *de novo* appeal from a conviction of the same offense in Municipal Court for the City of Wilmington. The only issue raised in this Court is whether defendant's due process rights were violated by the imposition of a more severe sentence after conviction in Superior Court than the one imposed after conviction in Municipal Court. Finding no constitutional infirmity in the sentencing procedures followed in the Courts below, we affirm.

## I

Defendant was arrested and charged with third degree assault arising out of a physical attack allegedly perpetrated upon a former girlfriend. Defendant was tried and found guilty as charged by the Municipal Court for the City of Wilmington, and was sentenced to a term of one year imprisonment. Exercising his State constitutional right, defendant appealed his conviction and sentence to Superior Court. See *Del. Const.* Art. IV, § 28.* After a trial *de novo* before a Superior Court jury defendant was again found guilty of third degree assault. A Superior Court Judge sentenced defendant to a term of two years imprisonment for the reasons that the Court found defendant's offense to be of a serious nature, and defendant's testimony in Superior Court was altered and totally inconsistent with his testimony in Municipal Court.

## II

Defendant contends that the imposition of a more severe sentence by the Superior Court than that imposed by the Municipal Court violated his State and Federal right to due process of law, citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce* the United States Supreme Court held that in the situation where a new trial had been granted due to some error in the first proceeding, a Court may not impose a more severe sentence after a conviction at the second trial unless the reasons for so doing affirmatively appear. In addition the Court stated: "Those reasons must be based upon objective information concerning identifiable conduct on the part of defendant occurring

*after the time of the original sentencing proceeding.*" (emphasis added) 395 U.S. at 726, 89 S.Ct. at 2081. The Court adopted the *Pearce* rule to protect criminal defendants from vindictive sentencing which may result from having successfully attacked a first conviction. The Court perceived that the "fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction . . . ". *North Carolina v. Pearce*, supra at 725, 89 S.Ct. at 2080. See *Jacobs v. State*, Del.Supr., 358 A.2d 725 (1976) where this Court applied the *Pearce* rule.

In *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) the United States Supreme Court addressed a problem similar to the one raised in *Pearce*. However, in *Colten* the Court decided that the possibility of vindictive sentencing which was found in *Pearce* was not present in the Kentucky two-tier system of appeal. Kentucky procedure allowed minor misdemeanors to be tried in an inferior tribunal, with defendants having the right to a *de novo* trial in a higher Court. The Supreme Court distinguished the Kentucky system from the North Carolina system by observing:

It may often be that the superior court will impose a punishment more severe than that received from the inferior court. But it no more follows that such a sentence is a vindictive penalty for seeking a superior court trial than that the inferior court imposed a lenient penalty. The trial *de novo* represents a completely fresh determination of guilt or innocence. It is not an appeal on the record. As far as we know, the record from the lower

---

* *Del.Const.* Art. IV, § 28 reads in full as follows:

Section 28. The General Assembly may by law give to any inferior courts by it established or to be established, or to one or more justices of the peace, jurisdiction of the criminal matters following, that is to say—assaults and batteries, carrying concealed a deadly weapon, disturbing meetings held for the purpose of religious worship, nuisances, and such other misdemeanors as the General Assembly may from time to time, with the concurrence of two-thirds of all the Members elected to each House, prescribe.

The General Assembly may by law regulate this jurisdiction, and provide that the proceedings shall be with or without indictment by grand jury, or trial by petit jury, and may grant or deny the privilege of appeal to the Superior Court; *provided, however, that there shall be an appeal to the Superior Court in all cases in which the sentence shall be imprisonment exceeding one (1) month, or a fine exceeding One Hundred Dollars ($100.00).* (emphasis added).

court is not before the superior court and is irrelevant to its proceedings. In all likelihood, the trial *de novo* court is not even informed of the sentence imposed in the inferior court and can hardly be said to have 'enhanced' the sentence . . . We cannot conclude, on the basis of the present record or our understanding, that the prophylactic rule announced in *Pearce* is appropriate in the context of the system by which Kentucky administers criminal justice in the less serious criminal cases. 407 U.S. at 117, 118, 92 S.Ct. at 1960.

Defendant points to several factors which allegedly distinguish the Kentucky procedure from Delaware's, and which, according to defendant, mandate the application of the *Pearce* rule to the case *sub judice*. Defendant asserts that the fact that the Superior Court Judge is informed of the sentence below, and that he has access to the Municipal Court record of the case raises the possibility of vindictive sentencing which *Pearce* declared to be unlawful. In addition, defendant contends that because the reasons which the Superior Court gave as justification for the heavier sentence were based on conduct which occurred prior to the time of the original sentencing, they are insufficient to meet the *Pearce* rule.

■ We believe that the procedure followed in the case at bar was proper, and that defendant was not the subject of vindictive sentencing. We are also of the opinion that the Delaware appeals procedure challenged here is sufficiently analogous to the Kentucky system reviewed in *Colten* so that the *Pearce* prophylactic rule need not be followed. Defendant's second conviction was achieved in a totally separate Court, and was the product of the deliberations of an impartial jury who heard *de novo* the evidence against the defendant. Similarly, the presiding Judge at the second trial heard the evidence presented, and, although he was aware of the sentence imposed in Municipal Court, the Superior Court Judge sentenced defendant in accordance with his view of the case after considering all relevant factors. We conclude that where a

trial *de novo* is held in Superior Court on appeal from a conviction in Municipal Court, the prophylactic rule of *Pearce* and *Jacobs* is inapplicable, as the system itself provides sufficient safeguards against vindictive sentencing. The Superior Court Judge after a second conviction must be free to sentence a defendant to the punishment which the Judge feels fits the crime, whether the sentence is greater than or less than that imposed previously, within, of course, the statutory parameters. See *State v. Keegan*, Me.Supr., 296 A.2d 483 (1972); *Commonwealth v. Clay*, Pa.Super., 326 A.2d 513 (1974).

No error appearing in the proceedings below the conviction must be

AFFIRMED.