386 A.2d 89

COMMONWEALTH of Pennsylvania, Appellant,

v.

William Charles REGAN, Appellee.

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 28, 1978.

Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellant.

Alan Frank, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth from an order suppressing evidence secured by the execution of a search warrant. The record discloses the following facts. On September 25, 1975, state police officers obtained a warrant to search the premises located at apartment 909, Washington Plaza Apartments, Pittsburgh. Two officers, accompanied by the building superintendent, went to the apartment in question. The superintendent knocked on the door, stated his name in answer to a question from within the apartment, and said that he had come for the purpose of maintenance. In response, the appellee opened the door some twelve to eighteen inches. The officers stepped forward, announced their identity and purpose and displayed their badges and the warrant. One of the troopers put his foot in the doorway and placed his hand on the door to prevent the appellee from closing it. There was no resistance and after making the announcement, the officers entered.

The issue before this court is whether the use of subterfuge by the police to entice an individual to open a door so that a search warrant may be served violates the Fourth and Fourteenth Amendments of the Constitution, when the police, once the door is opened, properly state their identity, purpose and authority and then enter, without force, to execute the warrant. This precise question has not been answered in Pennsylvania. In *Commonwealth v. Riccardi,* 220 Pa.Super. 72, 283 A.2d 719 (1971), this court reversed the lower court's order dismissing the defendant's application to suppress under somewhat similar circumstances. In *Riccardi,* the superintendent was also used to gain admission and the defendant opened the door. The police, however, unlike those in the instant case, forced their way through the door without announcing their identity, purpose and authority. The announcement was not made in *Riccardi* until after they had forced their way into the apartment. In the instant case, once the door was opened there was no resistance. In fact, the record indicates that the appellee made no attempt to close the door.

In *Commonwealth v. Easton*, 231 Pa.Super. 398, 332 A.2d 448 (1975), this court held that unless the police inform an occupant of the purpose for which they seek entry, the occupant is not required to admit them; and absent exigent circumstances they have no right to make a forcible entry. That holding is not apposite to the instant case, where no forcible entry was made, and announcement of identity, purpose and authority was made before entry and entry was without resistance. *See also, Commonwealth v. Fisher*, 223 Pa.Super. 107, 296 A.2d 848 (1972).

The announcement rule was adopted in Pennsylvania after the decision in *U. S. ex rel. Ametrane v. Gable*, 276 F.Supp. 555 (E.D.Pa.1967), *affirmed*, 401 F.2d 765 (3rd Cir. 1968). *Ametrane, supra*, involved a ruse similar to that employed in the case before us. Unlike the present case, however, when the door was opened, the police, wearing plain clothes, failed to announce authority or purpose but merely barged into the dwelling. That was the ground for reversal. The court, however, said that: "Finally, even if the officers' use of force could be justified *before* the relator opened his door, the officers should certainly have stated clearly their identity and purpose *after* the door was opened and *before* they entered the house." 276 F.Supp. at 559. (Emphasis in original). This was exactly what was done in the instant case.

The Pennsylvania courts have relied upon 18 U.S.C. § 3109 as a reasonableness standard in determining the constitutionality of the execution of searches. *Commonwealth v. Dial*, 445 Pa. 251, 285 A.2d 125 (1971). *See also, Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968). 18 U.S.C. § 3109 provides:

"The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance . . ."

The Supreme Court of the United States has not spoken on the deception issue. However, in *U. S. v. Sabbath*, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968), interpreting 18

U.S.C. § 3109, it held that when the police opened an unlocked door without announcement it was an invasion of privacy. The *Sabbath* decision has since been interpreted not to bar the use of deception without force. *U. S. v. Beale,* 445 F.2d 977 (5th Cir. 1971), *cert. denied,* 404 U.S. 1026, 92 S.Ct. 697, 30 L.Ed.2d 676 (1972).

The United States Circuit Court cases which have interpreted the statute hold that when a ruse has been used to peacefully execute a warrant it is not in violation of the statute or the Constitution. *Payne v. United States,* 508 F.2d 1391 (5th Cir. 1975), sets forth three interests which are protected by requiring announcement and refusal to admit before breaking may occur: (1) The prevention of violence and physical injury to the police and occupants; (2) the unexpected exposure of the private activities of the occupants; and (3) the property damage resulting from forced entry. None of these interests is sacrificed if the occupant opens the door because he expects a maintenance man to await him on the other side. The appellee in the instant case, by opening the door, had voluntarily surrendered his privacy to the maintenance man. The subterfuge does not eliminate announcement, which must be made before entry and search. It is, however, likely to prevent violence and physical injury as well as property damage. It can also be an important aid in obtaining evidence which might easily be destroyed.

In *Leahy v. United States,* 272 F.2d 487 (9th Cir.), *cert. granted,* 363 U.S. 810, 80 S.Ct. 1246, 4 L.Ed.2d 1152 (1960), *cert. dismissed,* 364 U.S. 945, 81 S.Ct. 465, 5 L.Ed.2d 459 (1961), in which an officer stated that he was from the county assessor's office, the court said: "Misrepresentation of identity in order to gain admittance is not a breaking within the meaning of the statute." *Leahy, supra* at 489. The court adopted the holding of the California courts that "trickery or subterfuge to gain entrance in order to execute an arrest warrant is immaterial to the validity of an arrest." *Leahy, supra* at 490.

The circuit courts are unanimous in holding that the ruse itself is immaterial to the validity of the execution if, once the defendant voluntarily opens the door, the police then announce their authority and purpose. The actions of the police in this case comported with the decisions of the federal courts and their interpretation of § 3109, *supra.* *See, U. S. v. Seelig,* 498 F.2d 109 (5th Cir. 1974); *U. S. v. Glassel,* 488 F.2d 143 (9th Cir. 1973), *cert. denied,* 416 U.S. 941, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974); *Smith v. U. S.,* 357 F.2d 486 (5th Cir. 1966); *Dickey v. U. S.,* 332 F.2d 773 (9th Cir.), *cert. denied,* 379 U.S. 948, 85 S.Ct. 444, 13 L.Ed.2d 545 (1964).

As already stated, neither this court nor the supreme court has ruled precisely on the circumstances presented in this case. However, the supreme court has held in *Commonwealth v. Newman, supra,* that "[a]n announcement of both authority and purpose is required before a door can be broken down, absent exigent circumstances." 429 Pa. at 444, 240 A.2d at 797. There is a further requirement beyond announcement before force can be used:

> "Accordingly, even where the police duly announce their identity and purpose, forcible entry is still unreasonable and hence violative of the Fourth Amendment if the occupants of the premises sought to be entered and searched are not first given an opportunity to surrender the premises voluntarily." *Commonwealth v. DeMichel,* 442 Pa. 553, 561, 277 A.2d 159, 163 (1971).

The purpose of this requirement is to protect the sanctity of an individual's home from unannounced intrusions. However, once a person voluntarily opens the door, as in the instant case, he has effectively surrendered his privacy. The cases in Pennsylvania turn on force and are not determinative of whether the use of a ruse is a violation.

We hold that police use of a ruse to initiate execution of a search warrant is permissible where it is followed by an announcement of authority and purpose and by peaceful entry. Accordingly, we reverse the order of suppression and remand the case for trial.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision in this case.