390 A.2d 236

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carmela McCARTHY.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided July 12, 1978.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellant.

Lester G. Nauhaus, Assistant Public Defender and William F. Manifesto, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT AND SPAETH, JJ.

JACOBS, President Judge:

This appeal arises from the order of the court below suppressing all evidence seized in the search of appellee's residence. The sole issue for our determination is whether the use of a ruse by the police to entice an individual to open a door so that a search warrant may be served violates the Fourth and Fourteenth Amendments, if, once the door is opened, the police state their identity and purpose and enter without force to execute the warrant. For the following reasons, we find no constitutional violation under these circumstances, and therefore reverse the suppression order and remand for trial.

The facts, as summarized by the court below, are as follows:

On or about March 18, 1976, at approximately 2:30 P.M., two City of Pittsburgh Police Detectives, Kilkeary and Burke, went to the residence of the defendant herein, Carmela McCarthy, to execute a search warrant. Detective Kilkeary, wearing an orange hard hat and with a flashlight in hand, knocked on the defendant's door to gain entry. When asked by the defendant from her second story window to identify his purpose, Detective Kilkeary stated, "I want to see your gas meter." Defendant subsequently opened the door, whereupon the detective identified himself as a police officer, stated he had a search warrant, entered the dwelling and began to search

the second floor bedroom of the residence. According to the testimony of Detective Kilkeary, while he was engaged in his search of defendant's bedroom, she went under the bed to retrieve stale numbers master sheets which she then handed to him. He stated he then placed her under arrest and advised her of her rights. The detective further testified that he informed the defendant that the master sheets were not current and that he would continue his search, whereupon said defendant went to the stairwell and retrieved current master sheets which she gave to the officer. In addition to the number sheets, detectives also seized evidence pertaining to Operating a Lottery by intercepting two telephone calls received in the apartment on a phone not listed in the defendant's name but located in the bedroom of defendant's 19 year old daughter at the 1254 Goe Avenue address. Slip Opinion at p. 1.

These facts fall squarely within the holding of *Commonwealth v. Regan*, 254 Pa.Super. 555, 386 A.2d 89 (1978). In *Regan*, we reverse a suppression order where the police ruse consisted of the building superintendent accompanying the officers to the apartment in question, knocking on the door, and stating that he had come for the purpose of maintenance. After a thorough review of case law, we said:

[P]olice use of a ruse to initiate execution of a search warrant is permissible where it is followed by an announcement of authority and purpose and by peaceful entry. 386 A.2d at 91.

We find no significant distinction between *Regan* and the case before us. In fact, on the crucial issues of authority, purpose and entry, the cases are virtually identical.

Accordingly, the suppression order is reversed, and the case remanded for trial.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.