444 A.2d 160

**COMMONWEALTH of Pennsylvania**

**v.**

**Paulette DeCARO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed April 12, 1982.

---

34

Robert Scandone, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

36

Before BROSKY, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

For the reasons given below, the denial by the trial court of the motion to suppress is affirmed. The case is remanded to the lower court with directions to entertain appellant's motion for modification of sentence nunc pro tunc.

Paulette DeCaro was tried in the Municipal Court of Philadelphia County on charges of possession with intent to deliver a controlled substance [1] and knowing and intentional possession of a controlled substance.[2] The drugs consisted of about 855 pills and 2 vials. The municipal court judge found her guilty and sentenced her to two years' probation and a $5,000.00 fine.

Appellant filed an appeal for a trial de novo in the Court of Common Pleas. See Pa.R.Crim.P. 6006.[3] After a non-jury trial, she was found guilty of the charges against her, and sentenced, after denial of post-trial motions, to a term of imprisonment for not less than 11½ months and not more than 23 months. It is from this sentence that she appeals.

Appellant's first allegation of error concerns the fact that the sentence imposed in the Court of Common Pleas at the trial de novo was greater than the sentence imposed at the first trial in Municipal Court. Appellant asks us to apply

1. The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended; 35 P.S. § 780–113(a)(30) (Purdon 1977).

2. 35 P.S. § 780–113(a)(16).

3. Pa.R.Crim.P. 6006 provides in relevant part:
Rule 6006. *Notice of Right to Appeal and Guilty Plea Challenge Procedure*
Immediately after the imposition of sentence, the judge shall inform the defendant:
(a) in the case of a trial and verdict of guilty,
(1) of the right to appeal for trial *de novo* within thirty (30) days without costs,
(2) of the right to jury trial on appeal, and
(3) that the charge on which the defendant was found guilty in the Municipal Court will be considered by the district attorney as the basis for the preparation of an information after the filing of the notice of appeal. . . .

the rule of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to this situation, rather than the rule of *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), which is what our case law has applied hitherto.

■ The *Pearce* case applies specifically to sentences imposed following retrial after a prior conviction has been overturned on appeal because of error tainting the first trial. The *Colten* case applies where there is a two-tiered system, involving speedy disposition of certain criminal offenses at the first level, as is the system in Philadelphia. *See* Pa.R.Crim.P. 6000–6013. The United States Supreme Court specifically stated in *Colten* that the Kentucky trial de novo system did not present the hazards calling for the restraints which the Court had required in *Pearce*. *See* 407 U.S. at 119, 92 S.Ct. at 1961, 32 L.Ed.2d at 595. The *Pearce* requirements are:

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*North Carolina v. Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. The reason for this is primarily to protect the defendant from any vindictiveness on the part of the judge at the second trial. In *Colten* the Court found that there was not a likely danger of such vindictiveness in the Kentucky two-tier system. The Court said:

> The possibility of vindictiveness, found to exist in *Pearce*, is not inherent in the Kentucky two-tier system.

> We note first the obvious: that the court which conducted Colten's trial and imposed the final sentence was not the court with whose work Colten was sufficiently

dissatisfied to seek a different result on appeal; and it is not the court that is asked to do over what it thought it had already done correctly. Nor is the de novo court even asked to find error in another court's work. Rather, the Kentucky court in which Colten had the unrestricted right to have a new trial was merely asked to accord the same trial, under the same rules and procedures, available to defendants whose cases are begun in that court in the first instance.

*Colten v. Kentucky*, 407 U.S. at 116–117, 92 S.Ct. at 1960, 32 L.Ed.2d at 593.

In Pennsylvania, we held, in *Commonwealth v. Moore*, 226 Pa.Super.Ct. 58, 312 A.2d 422 (1973), *petition for allowance of appeal denied, May 17, 1976*, that *Colten* applies to Pennsylvania, and that the reasoning therein is the law of Pennsylvania.[4] *See also Commonwealth v. Possinger*, 264 Pa.Super.Ct. 332, 399 A.2d 1077 (1979); *Commonwealth v. Clay*, 230 Pa.Super.Ct. 157, 326 A.2d 513 (1974), *petition for allowance of appeal denied*, January 2, 1975.

Appellant urges us to apply *Pearce* rather than *Colten* because, in particular, she took her appeal from the Municipal Court in order to relitigate a motion to suppress which had been denied in the Municipal Court. The Pennsylvania Supreme Court, in a case subsequent both to *Colten* and to *Moore, Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976), held that the rule that pre-trial decisions, such as a motion to suppress, at the Municipal Court level, cannot be relitigated during the Common Pleas trial de novo was not unconstitutional. The issue, then, is whether the loss of the right to relitigate a motion to suppress at a trial de novo makes for a significant difference between the Kentucky

---

**4.** The precise holding was as follows:

It is our holding that where as in the instant case, defendant takes an appeal as of right from a summary judgment, without allegations of error, to a higher court before which his case is tried *de novo without reference to the prior summary proceeding and without reference to the sentence imposed by the municipal court*, the reasoning supporting *Colten v. Kentucky* rather than that supporting *North Carolina v. Pearce* is applicable and governing. 226 Pa.Super.Ct. at 63, 312 A.2d at 424.

and the Philadelphia two-tier systems, such that the rule in *Commonwealth v. Moore* (*Colten* applies in Pennsylvania) should no longer stand.[5]

Appellant argues that there are three basic differences between the Kentucky system approved in *Colten* and the system in Philadelphia: (1) in *Colten* a prison sentence was not involved, but merely a fine; (2) the right to trial in Kentucky involves a completely fresh determination of guilt or innocence which is allegedly now lacking in the Philadelphia system since suppression motions cannot be relitigated; (3) in Kentucky there is a right to trial by jury at the first level, which is not the case in the Philadelphia system.

As to the first difference, i.e. the penalty involved, the Supreme Court in *Colten,* though it mentioned that the defendants in *Pearce* had received longer prison sentences after reconviction, did not say that it was *the nature of the penalty* which called for the rule. It was in *the motivation for the increased penalty* that the danger lay:

> Positing that a more severe penalty after reconviction would violate due process of law if imposed as purposeful punishment for having successfully appealed, the court concluded that such untoward sentences occurred with sufficient frequency to warrant the imposition of a prophylactic rule to insure "that vindictiveness against a defendant for having successfully attacked his first conviction ... [would] play no part in the sentence he receives after a new trial. . . ." and to ensure that the apprehension of such vindictiveness does not "deter a defendant's exercise of the right to appeal or collaterally attack

5. In *Commonwealth v. Moore,* 226 Pa.Super.Ct. at 61, 312 A.2d at 424, this court stated that the two systems are indistinguishable. Then in *Commonwealth v. Neal,* 258 Pa.Super.Ct. 375, 383, 392 A.2d 841, 846 (1978), this court stated that the holding in *Harmon* that the term "trial" does not include pre-trial motions has no effect on the basis of our holding in *Moore.* In *Neal* we affirmed a conviction after a non-jury trial at which the defendant had appeared in prison clothes. A six-justice Supreme Court reviewed *Neal.* Three justices would have dismissed the appeal, three justices would have reversed the Superior Court. The Court did not discuss the issue of greater sentence. *Commonwealth v. Neal,* 493 Pa. 335, 426 A.2d 576 (1981), *reargument denied* May 11, 1981.

his first conviction...." 395 U.S. at 725 [89 S.Ct. at 2080], 23 L.Ed.2d at 669.

*Colten v. Kentucky,* 407 U.S. at 116, 92 S.Ct. at 1960, 32 L.Ed.2d at 593.

As to the second difference, i.e. Kentucky's clean slate at the second level, Pa.R.Crim.P. 6010 [6] provides that on appeal the matter shall be treated in the same manner as any other court case. Therefore, theoretically, the Pennsylvania system, like the Kentucky system, gives the defendant a fresh start. The motion to suppress is a pretrial procedure in Pennsylvania, *see* Pa.R.Crim.P. 306, and its denial is final and binding, *see* Pa.R.Crim.P. 323(j).[7] Upon conviction of the defendant, the denial is appealable. *See Commonwealth v. Kaschik,* 235 Pa.Super.Ct. 388, 396 n. 7, 344 A.2d 519, 524 n. 7 (1975). Our Supreme Court said in *Harmon* :

Moreover, appellee has failed to establish any deprivation of an accused's substantive rights that would result under General Court Regulation 72–7.[8] Both Municipal and Common Pleas Courts are bound by the same law and apply the same standards in ruling upon the merits of the suppression motion. The judges of both courts are trained in the law and their decisions are subject to review on

**6.** Pa.R.Crim.P. 6010 provides:
Rule 6010. *Procedure on Appeal*
The District Attorney upon receiving the notice of appeal shall prepare an information and the matter shall thereafter be treated in the same manner as any other court case.

**7.** Pa.R.Crim.P. 323(j) provides:
(j) if the court determines that the evidence shall not be suppressed, such determination shall be final, conclusive and binding at trial, except upon a showing of evidence which was theretofore unavailable, but nothing herein shall prevent a defendant from opposing such evidence at trial upon any ground except its suppressibility.

**8.** The regulation provides:
Motions to suppress shall be heard on the same day and immediately prior to the Municipal Court trial. The judge hearing the motion to suppress shall hear same as a Common Pleas Court Judge. In the event such motion is denied and defendant convicted on appeal to the Common Pleas Court, the motion may not be reinstated as part of the appeal.
*See Commonwealth v. Harmon,* 469 Pa. at 493–494, 366 A.2d at 897.

post-trial motions and upon appeal to the appellate tribunals of this Commonwealth. Our interpretation of the rule places the accused, who first appeared in the Municipal Court, on the same plane as the individual whose case was initiated in the Court of Common Pleas. In both situations the pre-trial decision cannot be relitigated during the Common Pleas Court trial, and in each instance the accused must demonstrate in post-trial and/or appellate proceedings that error below occurred. We are therefore satisfied that General Court Regulation 72–7 does not transgress any constitutional provision and, therefore, is valid.

*Commonwealth v. Harmon,* 469 Pa. at 498, 366 A.2d at 899 (footnotes omitted). Furthermore, this difference again is not one wherein lies a danger of judicial vindictiveness such as is described by the Supreme Court of the United States in *Pearce.*

As for the third difference i.e. trial by jury at the first level, the Philadelphia rules provide, in order that there be no violation of the constitutional right to trial by jury, that a defendant must be informed that he may appeal for trial de novo before a jury. Pa.R.Crim.P. 6006(a)(2).[9] He is not forced to content himself with a trial without a jury. The right to appeal to Common Pleas is absolute. We do not see that having only one jury trial in Philadelphia, in contrast with the two in Kentucky, creates a risk that the second judge will vindictively impose a stiffer sentence.

■ Accordingly, we decline to follow appellant's suggestion that we apply *Pearce* to Philadelphia's system. The reasoning in *Harmon* makes it quite clear that the difference between the two-tier systems discussed is not of a dimension such as to effect the quality of justice dispensed in Philadelphia. The reasoning in *Colten* applies to the situation in Philadelphia despite the lack of the right to relitigate the motion to suppress. Further, the law of sentencing procedures in Pennsylvania contains adequate protection for defendants undergoing sentencing. If the

**9.** *See* note 3 *supra.*

Common Pleas Courts follow the requirements of the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, § 1; 42 Pa.C.S.A. §§ 9701–9781 (Pamph.1981), and of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), defendants being resentenced after a trial de novo are sufficiently protected.

▆▆▆ We therefore conclude that there is no defect in the Common Pleas judge having imposed a greater sentence than that which was imposed by the Municipal Court judge, if the statutory and case law sentencing procedures were complied with.[10]

**10.** The writer of this opinion does not presume to overrule this court's holding in *Commonwealth v. Moore*. The question before the court in *Moore* was "whether or not the Common Pleas Court in a trial de novo following an appeal as of right from a Municipal Court summary conviction can impose a sentence greater than that originally imposed in the Municipal Court without placing upon the record facts justifying such increase in sentence." 226 Pa.Super.Ct. at 60, 312 A.2d at 422. The issue as presented by appellant in her appeal in this case is identical.

In *Moore* this court held that where a defendant takes an appeal as of right, without allegations of error, to a higher court for a trial de novo, the rule of *Colten*, rather than that of *Pearce*, applies. In other words, the de novo court does not need to state on the record facts occurring since the first sentence which justify a greater sentence.

This is what we hold in this case, reaffirming the holding in *Moore*, and declining to accept appellant's suggestion that the rule of *Commonwealth v. Harmon* makes for a difference between the Philadelphia and the Kentucky system in *Colten* such that *Pearce* should apply.

Judge POPOVICH reads *Moore* as holding that the *Colten* rule applies unless the appellant alleges error by the Municipal Court. In the Philadelphia system allegation of error is immaterial. The appeal to Common Pleas is an absolute right. This writer reads any qualification in *Moore* as restricting the holding of *Moore* to cases involving automatic appeals such as are provided for in the Philadelphia system, rather than to cases where the appellant alleges error by a lower court in his/her appeal to a higher court. Judge POPOVICH seems to read *Moore* to say that if in appealing to Common Pleas from Municipal Court the appellant asserts error by the Municipal Court, *Pearce* should apply, and if the appellant merely appeals as of right without complaining of error, *Colten* should apply. This writer does not read *Moore* as making such a distinction.

This writer qualifies the holding in this case (that there was no error in the Common Pleas court imposing a greater sentence) with the proviso that, *Colten* and *Pearce* issues aside, the de novo court must impose a sentence in accordance with the Sentencing Code and

 Appellant challenges the sentence imposed, claiming that it is excessive. This leads us to a consideration of the sentencing hearing conducted by the Common Pleas judge. It is well-settled law that the sentence imposed upon a convicted defendant is within the broad discretion of the sentencing judge. *See Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Campolei*, 284 Pa.Super.Ct. 291, 425 A.2d 818 (1981). The sentencing judge must, however, comply with Pa.R.Crim.P. 1405,[11] with the standards of the Sentencing Code, 42 Pa.C.S.A. § 9721(b),[12]

with *Riggins*, the rules of which are subsequent to *Moore*. Any case law regarding sentencing prior to *Riggins* is presumably still good law in so far as it does not conflict with the law of *Riggins*. As appellant's second argument is an excessive sentence argument, once the greater sentence issue is disposed of, there must nevertheless be an analysis under *Riggins* of the sentencing procedure followed in Common Pleas.

The writer of this opinion agrees wholeheartedly with Judge PO-POVICH that *Riggins* and the Sentencing Code are sufficient safeguards to assure that sentences imposed violate no constitutional rights. *See* at 165. Nothing in this opinion should be construed otherwise.

11. Pa.R.Crim.P. 1405 provides:

Rule 1405. *Sentencing Proceeding*

At the time of sentencing the judge shall:

(a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing;

(b) state on the record the reasons for the sentence imposed;

(c) advise the defendant on the record:

(1) of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed *in forma pauperis* and to be provided with free counsel;

(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

(3) of the ten (10) day time limit within such motions must be filed;

(4) that the defendant is entitled to be represented by counsel in preparing and litigating such motions; and

(5) that only claims raised in this court may be raised on appeal;

(d) require that a record of the sentencing proceedings be made and preserved so that it can be transcribed as needed. The record shall include:

(1) the record or any stipulation made at a pre-sentence conference; and

(2) a verbatim account of the entire sentence proceeding.

12. 42 Pa.C.S.A. § 9721(b) provides, for example, in part, that:

with the factors in 42 Pa.C.S.A. § 9725,[13] and also with the requirements of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), giving reasons on the record for his choice of sentence.

The transcript of the sentencing hearing shows that the judge took into consideration the Sentencing Code guidelines and gave reasons for his choice of sentence. He also notified appellant of her right to appeal to this court within thirty days. He neglected, however, to inform appellant of her right to file a motion to modify sentence within ten days, as he is required to do by Pa.R.Crim.P. 1405(c), *supra*.

■ No motion was filed by appellant for reconsideration by the trial court of the sentence imposed. Pa.R.App.P. 302(a) provides that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. To preserve the issue of excessive sentence the correct procedure would have been to have filed a written motion to modify sentence in accordance with Pa.R.Crim.P. 1410.[14] Failure to do so waives any complaint concerning sentence that does not involve the lawfulness of the sentence itself.

> The court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

13. 42 Pa.C.S.A. § 9725 provides:
§ 9725. *Total confinement*
The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant is necessary because:
(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

14. Pa.R.Crim.P. 1410 provides:
Rule 1410. *Motion to Modify Sentence*
A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence.

*See Commonwealth v. Walls*, 248 Pa.Super.Ct. 335, 375 A.2d 125 (1977), *aff'd*, 481 Pa. 1, 391 A.2d 1064 (1978).

In *Commonwealth v. Koziel*, 289 Pa.Super.Ct. 22, 432 A.2d 1031 (1981), we remanded to the lower court with directions to entertain the appellant's motion for modification of sentence nunc pro tunc. *See also Commonwealth v. Rush*, 281 Pa.Super.Ct. 92, 421 A.2d 1163 (1980).

■ Accordingly, because of the trial court's failure to inform appellant of her right to file a motion for modification of sentence, and of her obligation to do so within ten days, we shall remand this case to the lower court. The lower court will entertain appellant's motion for modification of sentence nunc pro tunc.

■ Appellant's next two assignments of error concern the motion to suppress. The scope of our review of an order of the suppression court is limited to a determination of whether the record supports the factual findings of the court and the legitimacy of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Goodwin*, 460 Pa. 516, 333 A.2d 892 (1975). We consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the whole suppression hearing record, remains uncontradicted. *Commonwealth v. Powers*, 484 Pa. 198, 398 A.2d 1013 (1979); *Commonwealth v. Stamm*, 286 Pa.Super.Ct. 409, 429 A.2d 4 (1981).

Appellant claims that the execution of the warrant was not in accordance with Pa.R.Crim.P. 2007 which requires that the police give the defendant the opportunity to surrender the premises voluntarily before they enter.[15] This issue

**15.** Pa.R.Crim.P. 2007 provides:

Rule 2007. *Manner of Entry Into Premises*

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

was litigated in the municipal court, in the context of the motion to suppress, and subsequently in the Court of Common Pleas in the context of the post-trial motions.

■ The testimony at the suppression hearing shows that the police took with them one Sadusky, a defendant on another charge who knew appellant and who had agreed to have appellant open her door to him for the benefit of the police. The front door was reinforced by an iron gate opening outwards. When appellant opened the door to Sadusky, at least one police officer yelled out "police" and "we have a warrant". A police officer standing with Sadusky grabbed the iron gate to prevent it from being slammed shut, and the other two police officers ran in, while appellant stood there, doing and saying nothing. The police had seen another person in the house, and rushed through the house to prevent disposal of any controlled substance, showing the warrant to appellant later. The judge, on the basis of *Commonwealth v. Regan*, 254 Pa.Super.Ct. 555, 386 A.2d 89 (1978), found that Sadusky was being used as a ruse to get the door open and that there was no violation. We see no error in the conclusion drawn by the judge from the facts. The crucial issues are authority, purpose and entry, *Commonwealth v. McCarthy*, 257 Pa.Super.Ct. 42, 390 A.2d 236 (1978). The police announced their authority and purpose and though they rushed in quickly there was no forced entry. There was no violation of appellant's rights in the execution of the warrant.

■ Secondly, appellant alleges error with respect to the affidavit on which the warrant was based. She claims that because she was not allowed to review all records testified to by the affiant in showing the reliability of the informant, the requirements of *Commonwealth v. Hall*, 451

(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

Pa. 201, 302 A.2d 342 (1973) were not satisfied. *Hall* requires that a defendant at a suppression hearing be afforded the opportunity to test the truthfulness of the recitals in the warrant alleging the informant's reliability. *Id.,* 451 Pa. at 208, 302 A.2d at 346. To achieve this, the defendant must be allowed meaningful cross-examination of the police officer-affiant at the hearing. *Id.* Mere allegations of the informant's reliability are insufficient. 451 Pa. at 207, 302 A.2d at 345.

 At the suppression hearing defense counsel requested the court term and docket numbers of earlier criminal proceedings which allegedly resulted from information supplied by the informant whose information was the basis of the warrant in this case. Then, in the post-trial motions hearing defense counsel claimed that he should have been shown all warrants resulting from the informant's previous information.

From the record of the suppression hearing we see that the hearing had been recessed in order that defense counsel be given citations to other criminal cases alleged in the warrant. There was an in camera hearing on the *Hall* motion. Most importantly, there was cross-examination of the police officer-affiant. Lastly, there was discussion between defense counsel and the trial judge as to what the *Hall* case requires. There is no error in the judge's determination as to what *Hall* requires. Defense counsel was granted what *Hall* requires. There was no error in not granting him extra time to review the records. The denial of the motion to suppress is affirmed.

There was no error per se in the trial court's imposition of a greater sentence than that imposed in Municipal Court. However, the case is remanded to the lower court in order that the lower court entertain a timely motion for modification of sentence nunc pro tunc. Appellant will have ten days, from the filing of the record and this opinion in the lower court, in which to file a motion for modification of

sentence in the lower court. Jurisdiction is not retained by this court.

POPOVICH, J., files a concurring opinion.

BROSKY, J., files a dissenting opinion.

POPOVICH, Judge, concurring:

I agree with Judge Johnson's reasoning that the holding in *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) is applicable to the two-tier system in Philadelphia, notwithstanding the absence of an accused's right to relitigate in a trial *de novo* in the Court of Common Pleas the denial of his motion to suppress by a Municipal Court. *See Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976). Additionally, and more importantly, I agree that "there is no defect in the Common Pleas judge having imposed a greater sentence than that which was imposed by the Municipal Court judge, *if the statutory and case law sentencing procedures are complied with.*" (Emphasis added) (Footnote omitted) *Commonwealth v. DeCaro,* 298 Pa.Super. 32, 42, 444 A.2d 160, 165 (1982).

However, I write separately to point out that the latter statement overrules our holding in *Commonwealth v. Moore*, 226 Pa.Super. 58, 312 A.2d 422 (1973). In *Moore*, the question posed was:

"whether or not the Common Pleas Court in a trial de novo following an appeal as of right from a Municipal Court summary conviction can impose a sentence greater than that originally imposed in the Municipal Court *without placing upon the record facts justifying such increase in sentence.*" (Emphasis added) *Id.*, 226 Pa.Super. at 60, 312 A.2d at 422.

To start with, the Court in *Moore* found the Kentucky system, as discussed in *Colten*, to be indistinguishable from the Philadelphia system. Consistent therewith, the Court

went on to hold that, unless the appellant appealing a summary judgment to a higher court alleges error in regard to the prior summary offense and in the sentence imposed by the municipal court, the reasoning supporting *Colten* rather than that supporting *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) was applicable and governing. In other words, the *Moore* Court was stating that the trial judge's reasoning for increasing a sentence after retrial was not required to " 'be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding[,]' " *Commonwealth v. Moore, supra,* 226 Pa.Super. at 60, 312 A.2d at 423, unless, as just stated, the appellant alleged error attendant to the summary proceedings and the sentence imposed by the municipal court.[1] In

1. Such conclusion is predicated upon the unequivocal statement in *Moore* that:

"It is our holding that where, as in the instant case, defendant takes an appeal as of right from a summary judgment, *without allegations of error,* to a higher court before which his case is tried *de novo without reference to the prior summary proceeding and without reference to the sentence imposed by the municipal court,* the reasoning supporting *Colten v. Kentucky* rather than that supporting *North Carolina v. Pearce* is applicable and governing." (Emphasis added in part) *Commonwealth v. Moore, supra,* 226 Pa.Super. at 63, 312 A.2d 424.

Additionally, it is interesting to observe that the prosecution in *Moore* contended "that the *North Carolina v. Pearce* decision ha[d] *no applicability* where the second sentencing [was] by a different court after trial de novo as of right *without allegation of error.*" (Emphasis added) *Id.,* 226 Pa.Super. at 61, 312 A.2d at 423.

Parenthetically, based on the preceding, if an accused were to "allege error" in his appeal de novo from a summary conviction and the sentence entered by the Municipal Court, then, according to *Moore,* upon subsequent conviction and the imposition of an *increased* sentence in the Court of Common Pleas, the rationale supporting *Pearce* would apply. That is:

" 'reasons [for the increased sentence] must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.' " *Id.,* 226 Pa.Super. at 60, 312 A.2d at 423.

I cannot subscribe to such a view, inasmuch as our Supreme Court's pronouncement in *Commonwealth v. Riggins, infra,* and the Legislature's enactment of the Sentencing Code precludes the issuance of an arbitrary and capricious sentence.

light of our Supreme Court's ruling in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and the promulgation of the Sentencing Code (42 Pa.C.S.A. § 9701 *et seq.* (Pamphlet, 1981)), such statement can no longer be considered to be a viable tenet in the law.

Furthermore, I find that *Riggins* and the Sentencing Code are sufficient safeguards to assure that any sentence imposed, regardless of whether it be entered after a trial *de novo* from a summary offense or following a retrial, comports with the dictates of due process and is not constitutionally infirm.

BROSKY, Judge, dissenting:

The majority holds that the fact that the de novo court is bound by the decision of the suppression court in the Municipal Court does not necessitate us finding that the system involved herein is different than that found in *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). I do not agree. I would hold that the suppressibility of presumably critical evidence has been litigated by a different court than that reaching the decision upon which the appellant herein was sentenced and as such that the de novo court has not, in its fullest extent, engaged in a de novo determination. It is not uninfluenced by the decision of the municipal court. Thus, the two-tier system herein is distinguishable from that found in *Colten*. Accordingly, I would hold that the de novo court is obliged to sentence DeCaro to no more severe a sentence than that she received in the Municipal Court unless it finds there is "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original (Municipal Court) sentencing proceeding." *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656, 670 (1969). I would remand to the trial court for proceedings consistent with this opinion.