**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Travis HARPER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 28, 2004.

Filed Dec. 2, 2004.

Reargument Denied Feb. 3, 2005.

Andrew F. Schneider, Doylestown, for appellant.

Joseph Visco, Asst. Dist. Atty., Doylestown, for Com., appellee.

BEFORE: STEVENS, KLEIN, JJ., and McEWEN, P.J.E.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Bucks County following Appellant's conviction on one count of possession of a controlled substance with intent to deliver,[1] one count of possession of a controlled substance,[2] and one count of possession of drug paraphernalia.[3] We affirm.

¶ 2 The record reveals that Appellant's convictions stemmed from a detailed police investigation, wherein the police obtained warrants to search Appellant's residence and automobiles after Appellant sold drugs, on three occasions, to police informants. Trial Court Opinion 3/11/04 at 2. On November 15, 2002, the police executed the search warrants for Appellant's apartment and automobiles and recovered baggies containing marijuana, a package of sandwich bags, a portable digital scale, a quantity of cocaine which was kept in a safe, and $10,000 in twenty-dollar bills. Trial Court Opinion 3/11/04 at 4.

¶ 3 Prior to trial, Appellant moved to suppress the physical evidence seized from his apartment. Appellant argued, in part, that the police violated Pa.R.Crim.P.

---

1. 35 Pa.C.S. § 780–113(a)(30).

2. 35 P.S. § 780–113(a)(16).

3. 35 Pa.C.S. § 780–113(a)(32).

207(b). A hearing on Appellant's motion took place on June 10, 2003. At the hearing, Detective Hanks testified that, on November 15, 2002, he and nine other officers gathered across from Appellant's apartment and waited until after 6:00 a.m. to execute the warrants. N.T. 6/10/03 at 1. Detective Hanks knocked on Appellant's door and said that he had hit Appellant's truck. N.T. 6/10/03 at 8–25. Detective Hanks heard voices, including children, and then Appellant opened the door. N.T. 6/10/03. Detective Hanks identified himself, stated that he had a warrant, and entered the premises. N.T. 6/10/03 at 8–25.

¶ 4 Following the hearing, the trial court denied Appellant's motion to suppress. Thereafter, Appellant waived his right to a jury trial and, after the presentation of additional evidence, the trial court convicted Appellant of all charges. Trial Court Opinion 3/11/04 at 3. On June 18, 2003, Appellant was sentenced to a term of 3 to 6 years of incarceration. Trial Court Opinion 3/11/04 at 1. This timely appeal followed. Appellant was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Accordingly, Appellant filed his 1925(b) statement, and the trial court subsequently issued its opinion.

¶ 5 On appeal, Appellant argues that the trial court erred in denying his motion to suppress the physical evidence seized by the police because the police violated the knock and announce rule by not waiting a sufficient amount of time between their announcement and entry into Appellant's apartment. For the reasons discussed below, we affirm.

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Lopez*, 415 Pa.Super. 252, 609 A.2d 177, 178–79 (1992) (citation omitted).

¶ 6 Pennsylvania Rule of Criminal Procedures 207 provides:

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give notice of his identity, authority, and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

(b) Such office shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

Pa.R.A.P. 207. The Pennsylvania Supreme Court has stated that:

[t]he purpose of the knock and announce rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against the unauthorized entry of unknown persons and to prevent property damage resulting from forced entry during the execution of a search warrant.

*Commonwealth v. Crompton,* 545 Pa. 586, 591, 682 A.2d 286, 288 (1996). Further, in *Commonwealth v. Regan,* 254 Pa.Super. 555, 386 A.2d 89 (1978), this Court held that the use of a ruse to gain entry does not violate the Constitution. *Id.* at 91. We noted that the purpose of the knock and announce rule is to "protect the sanctity of an individual's home from unannounced intrusions," but that once an individual voluntarily opens a door, he or she "has effectively surrendered his privacy." *Id.* We concluded that "the cases in Pennsylvania turn on force" and that the "police use of a ruse to initiate execution of a search warrant is permissible where it is followed by an announcement of authority and purpose and by peaceful entry." *Id.*

¶ 7 Appellant has failed to show that the actions of the police in the instant matter violated the knock and announce rule. For example, Appellant concedes that the use of the ruse in the instant matter was permissible. Appellant's Brief at 10. Appellant also concedes that the police did not exercise any physical force to gain entry to the dwelling. Appellant's brief at 11. Appellant's sole issue appears to be that the police did not wait long enough between their announcement and their *peaceable* entry into Appellant's residence. While Appellant cites several cases in support of his claim, we find them to be inapposite, as all concern situations where the police forcibly entered the residence by pushing people away, by pushing a door open, by breaking a door, or by drawing their weapons. *See Commonwealth v. Chambers,* 528 Pa. 403, 406–07, 598 A.2d 539, 540 (1991) (knock and announce rule violated where police failed to wait a reasonable period of time before pushing open a door, pointing their guns at the resident, and entering); *Commonwealth v. De-Michel,* 442 Pa. 553, 557–60, 277 A.2d 159, 161–64 (1971) (knock and announce rule violated when police failed to wait a reasonable time before breaking down the door); *Commonwealth v. Martinelli,* 729 A.2d 628, 630–31 (Pa.Super.1999) (knock and announce rule violated where police failed to wait a reasonable amount of time before pushing a partially opened door); *Commonwealth v. Ceriani,* 411 Pa.Super. 96, 600 A.2d 1282, 1286 (1991) (knock and announce rule violated where police failed to wait a reasonable time before pushing a child in order to gain entry to the residence). Here, the knock and announce was not violated by a peaceable entry into a residence.

¶ 8 For all of the foregoing reasons, we affirm the trial court's judgment of sentence.

¶ 9 Affirmed.

¶ 10 **McEWEN, P.J.E. FILES A CONCURRING STATEMENT.**

CONCURRING STATEMENT BY McEWEN, P.J.E.:

¶ 1 Since the Memorandum of the Majority reveals a careful analysis and provides a perceptive expression of rationale, I hasten to join in the conclusion that there is no merit to this appeal. I write separately, however, to express concern that this Court in *Commonwealth v. Regan,* 254 Pa.Super. 555, 386 A.2d 89 (1978), held that the "knock and announce rule" may be skirted by means of deception, and that the Pennsylvania Supreme Court has not in the intervening quarter-century addressed this issue. Consequently, the conduct of the police in this case, which, as the Majority accurately notes, is condoned by *Regan* and its progeny, resoundingly demonstrates that the "knock and announce rule" as stated in Pa.R.Crim.P. 207 is so easily avoided as to serve little or no purpose. An intrinsic feature of any regulation or precept is enforcement, for otherwise the rule is a mere suggestion. Moreover, the failure to enforce a regulation or rule engenders a contagious cynicism for

the Rule of Law itself. Thus, the hope persists that the Pennsylvania Supreme Court will undertake review and provide its enlightened resolution of what is, at least, an anomalous situation.